HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
ERIN SNIDER, CA Bar #304781
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
EDGAR RAFAEL NAVARRO CHAVOYA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00314-JLT-SKO |
|---|---|
| Plaintiff, | **STIPULATION TO WITHDRAW GUILTY PLEA AND TO SET STATUS CONFERENCE; ORDER** |
| vs. | |
| EDGAR RAFAEL NAVARRO CHAVOYA, | Date: May 20, 2026 Time: 1:00 p.m. Judge: Hon. Stanley A. Boone |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their respective counsel, Assistant United States Attorney Joseph Barton, counsel for plaintiff, and Assistant Federal Defender Erin Snider, counsel for Edgar Rafael Navarro Chavoya, that there is a fair and just reason for this Court to grant Mr. Navarro Chavoya's pending Motion to Withdraw Guilty Plea (ECF #68) pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). The parties further request that the Court set this matter for a status conference on May 20, 2026, at 1:00 p.m. before the Honorable Stanley A. Boone.

The parties agree and request that the Court make the following findings:

1.    On December 16, 2021, a grand jury returned a single-count indictment against Edgar Rafael Navarro Chavoya, charging him with a violation of 8 U.S.C. § 1326. ECF #6. The Indictment specifically alleges that Mr. Navarro Chavoya was removed from the United States on or about March 8, 2018, following his conviction for assault with a firearm in violation of

California Penal Code § 245(a)(1) and that he was thereafter found in the United States on or about December 7, 2021. *Id.* At the time the Indictment was returned, binding Ninth Circuit precedent held that California Penal Code § 245(a)(1) was a "crime of violence" as defined in 18 U.S.C. § 16(a) and, thus, an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *See, e.g.*, *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018). Because Mr. Navarro Chavoya's "removal was subsequent to a conviction for commission of an aggravated felony," the Indictment charged Mr. Navarro Chavoya under the enhanced penalty provision at 8 U.S.C. § 1326(b)(2), which carries a 20-year maximum term of imprisonment. 8 U.S.C. § 1326(b)(2); *see also* ECF #6 (charging Mr. Navarro Chavoya under "Title 8, United States Code, Section 1326(a) and (b)(2)).

2.     On September 3, 2024, Mr. Navarro Chavoya entered a plea of guilty to the sole count in the Indictment. ECF #62. There was no plea agreement. *Id.*

3.     The day after Mr. Navarro Chavoya entered his guilty plea, a three-judge panel of the Ninth Circuit Court of Appeals decided *United States v. Gomez*, 115 F.4th 987 (9th Cir. 2024), which held that California Penal Code § 245 is not a "crime of violence" within the meaning of USSG §4B1.2(a)(1).

4.     On March 3, 2025, Mr. Navarro Chavoya filed a motion to withdraw his guilty plea in light of the *Gomez* decision. ECF #68. On the date the government's opposition brief was due, the parties instead filed a stipulation, in which they asked the Court to stay further briefing on the motion to withdraw pending the resolution of the government's petition for rehearing and/or rehearing en banc in *Gomez*.

5.     On January 13, 2026, the Ninth Circuit issued an en banc opinion in *Gomez*, in which the Court held "that convictions under California Penal Code § 245(a)(1) are not crimes of violence." *United States v. Gomez*, 165 F.4th 1199, 1212 (9th Cir. 2026).

6.     In light of the en banc opinion in *Gomez*, the parties agree that there is "a fair and just reason" for Mr. Navarro Chavoya to withdraw his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Ensminger*, 567 F.3d 587, 592 (9th Cir. 2009) ("A marked shift in governing law that gives traction to a previously foreclosed or unavailable argument may operate

as a fair and just reason to withdraw a guilty plea."); *United States v. Ortega-Ascanio*, 376 F.3d 879, 887 (9th Cir. 2004) (holding that "an intervening Supreme Court decision that overruled Circuit precedent and gave [the defendant] a plausible ground for dismissal of his indictment" constituted a fair and just reason for withdrawing the defendant's guilty plea, even though the defendant did not move to withdraw his guilty plea until nine months after the Supreme Court decision).

7. Counsel for Mr. Navarro Chavoya will require time to consult with her client regarding his options following the withdrawal of his guilty plea.

8. Accordingly, the parties request that the Court: (1) enter an order permitting Mr. Navarro Chavoya to withdraw his guilty; and (2) set this matter for a status conference before the magistrate judge on May 20, 2026, at 1:00 p.m.

9. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period from the date of the Court's order granting the pending motion to withdraw the guilty plea to May 20, 2026, inclusive, is excludable pursuant to 18 U.S. C. § 3161(h)(7)(A) and (B)(iv).

**IT IS SO STIPULATED.**

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

Date: April 15, 2026

*/s/ Joseph Barton*
JOSEPH BARTON
Assistant United States Attorney
Attorney for Plaintiff

HEATHER E. WILLIAMS
Federal Defender

Date: April 15, 2026

*/s/ Erin Snider*
ERIN SNIDER
Assistant Federal Defender
Attorney for Defendant
EDGAR RAFAEL NAVARRO CHAVOYA

**O R D E R**

**IT IS SO ORDERED.** The Court hereby finds that the en banc decision in *United States v. Gomez*, 165 F.4th 1199 (9th Cir. 2026), issued after defendant Edgar Rafael Navarro Chavoya entered his guilty plea on September 3, 2024, provides a fair and just reason for Mr. Navarro Chavoya to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). Accordingly, the Motion to Withdraw Guilty Plea (ECF #68) is hereby granted, and Mr. Navarro Chavoya's guilty plea is deemed withdrawn. A status conference is scheduled for May 20, 2026, at 1:00 p.m. before the Honorable Stanley A. Boone.

IT IS SO ORDERED.

Dated:    **April 15, 2026**

_____
UNITED STATES DISTRICT JUDGE